IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BEATRICE HUDSON,** | ) | **CASE NO. 8:10CV330** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **OMAHA PUBLIC SCHOOL DISTRICT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiff filed her Complaint in this matter on September 9, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed her Complaint on September 9, 2010, against the Omaha Public School District. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are incredibly difficult to decipher. Most of Plaintiff's Complaint consists of random citations to various federal constitutional provisions and statutes. As best as the court can tell, Plaintiff alleges the following facts: (1) Plaintiff's son was enrolled as a student in Omaha Public Schools (*id.* at CM/ECF p. 3); (2) Plaintiff's son is African American (*id.* at CM/ECF p. 9); (3) Plaintiff filed complaints against the Omaha Public School District on May 7, 2007, and October 21, 2009 (*id.* at CM/ECF p. 7); and (4) at some point after Plaintiff filed these complaints, Plaintiff's son was "dismissed from Bryan High School by Mexican Princi[pal] Robert Aranda" (*id.* at CM/ECF p. 8). Plaintiff seeks "compensatory, special, and general damages." (*Id.* at CM/ECF p. 12.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff's Complaint consists of over ten pages of legal conclusions and lacks supporting factual allegations. The only conceivable claim asserted by Plaintiff is a Title VI Retaliation Claim. However, the court cannot determine from the face of the Complaint whether Plaintiff is asserting the retaliation claims on behalf of herself or on behalf of her

son. Assuming Plaintiff is asserting the retaliation claims on behalf of herself, Plaintiff must allege the following: (1) "the plaintiff [was] engaged in protected conduct . . . (2) she was subjected to an adverse [ ] action, and (3) there is a causal nexus between the protected conduct and the adverse action." See *Lewis v. Heartland Inns of America, L.L.C.*, 591 F.3d 1033, 1042 (8th Cir. 2010) (internal quotation omitted); *see also Handi-Van, Inc. v. Broward County, Fla.*, 2010 WL 2382909, at *6 (S.D.Fla. June 14, 2010) (applying Title VII analytical framework to Title VI retaliation claim).

On its own motion, the court will permit Plaintiff 30 days in which to amend her Complaint to sufficiently allege a Title VI retaliation claim against Defendant. In the amended complaint, Plaintiff must clearly state the facts of her claim. Plaintiff is instructed to avoid stating legal arguments and citing cases and statutes in the recitation of her facts. Plaintiff must also clearly state whether she is pursuing claims on behalf of herself or on behalf of her son. If Plaintiff is pursuing claims on behalf of her son, she must set forth the following: (1) her son's date of birth, (2) where her son resides, (3) whether Plaintiff has been appointed to serve as her son's legal guardian, and (4) whether Plaintiff is bringing this action as her son's next friend. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.[1]

---

[1] The court notes that this is the thirtieth action Plaintiff has filed in this court since 2002, and the third action against Defendant Omaha Public School District. (*See* 8:04CV560 and 8:05CV428.) In light of this, the court reserves the right to rule on whether Plaintiff's claims are malicious under 28 U.S.C. § 1915(e)(2)(B) until after Plaintiff files an amended complaint.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **December 9, 2010**, to amend her Complaint and clearly state a claim upon which relief may be granted against Defendant in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on December 9, 2010.

3. Plaintiff shall keep the court informed of her current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice**.

DATED this 9th day of November, 2010.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.